**In re READ–RITE CORP. SECURITIES LITIGATION.**

**This Document Relates to all Actions.**

**No. C–98–20434 JF.**

United States District Court,
N.D. California.

March 1, 2000.

William S. Lerach of Milberg Weiss Bershad Hynes & Lerach LLP, San Diego, CA, Jeffrey W. Lawrence of San Francisco, CA, for Plaintiffs.

Boris Feldman, Jared L. Kopel, Gidon M. Caine and Cheryl W. Foung of Wilson Sonsini Goodrich & Rosati, Palo Alto, CA, for Defendant.

FOGEL, District Judge.

Defendants' motion to dismiss, heard June 7, 1999, argues that Plaintiffs in this consolidated class action have failed to meet the heightened pleading standard set by the Private Securities Litigation Reform Act of 1995. For the reasons stated below, the motion is granted.

## I. Overview

Plaintiffs allege that defendant Read–Rite, along with individual defendants, violated various securities laws by making false and misleading statements in connection with the transfer of publicly traded securities. The class of plaintiffs who purchased Read–Rite stock during the period from April 19, 1995, through January 22, 1996, are referred to herein as the "Ferrari Plaintiffs." Ferrari Plaintiffs allege that Defendants' false representations served to prop up stock prices until a damaging price correction following Read–Rite's January 22 announcement that earnings per share and revenue were below forecast. "Nevius Plaintiffs", that is, those plaintiffs who purchased stock during the period from March 2, 1996, through June 2, 1996, allege a similar pattern of conduct. Plaintiffs' allegations and theories are described more particularly in the Court's Order of August 17, 1998 granting Defendants' prior motion to dismiss.

## II. Sufficiency of Ferrari Plaintiffs' Allegations

The Order of August 17, 1998 identified the following deficiencies in Ferrari Plaintiffs' allegations:

First, the complaint does not identify adequately *what* portions of the representations [P]laintiffs believe were false or misleading.... [¶] Second, the complaint does not identify adequately *why* any of the representations are false or misleading.... [¶] Third, and more fundamentally, the complaint does not allege sufficiently specific *facts* regarding the alleged negative conditions or specific *facts* showing that [D]efendants had knowledge of those conditions.

(August 17, 1998 Order at 7:17–8:4). On the current motion to dismiss, Defen-

dants again address each of these areas. However, as the Court indicated at oral argument, only the last of the foregoing concerns remains as a potential basis for dismissing the Ferrari portion of the amended complaint, that is, whether the allegations sufficiently imply Defendants' culpable mental state.

■ Under the Private Securities Litigation Reform Act (the "Reform Act"), Plaintiffs must "state with particularity facts giving rise to a strong inference" of the required scienter. The Ninth Circuit has recently established a very high threshold for the factual and logical strength of the required implication and for the level of scienter which must be strongly implied. *See In re Silicon Graphics Inc. Securities Litigation*, 183 F.3d 970 (9th Cir.1999).[1] In particular, specific facts must be alleged which strongly imply Defendants' actual knowledge, or at least recklessness of such an "extent that it reflects some degree of intentional or conscious misconduct". *Id.* at 977. This degree of recklessness has been characterized as "deliberate recklessness".

■ With respect to the current pleading, the analysis set forth in the prior Order largely is still applicable and will not be repeated here in detail. At bottom, the allegations seemingly intended to imply Defendants' knowledge rest on the assumption that persons with the job titles or duties of the individual defendants *would surely have known* the facts in question. Such assumptions, while not unreasonable in some instances, do not amount to the sort of strong implication of scienter required by the Reform Act as interpreted in *Silicon Graphics*. "It is not enough … to state facts giving rise to a mere … reasonably inference of deliberate recklessness." *Id.* at 985.

One category of scienter-related allegations, new to the current pleading, deserves separate mention. Specifically,

Ferrari Plaintiffs now contend that heavy stock trading activities of the individual defendants amount to insider trading and constitute an indicator of requisite scienter. Stock trading activities which are suspicious in timing or amount indeed can support an inference of deliberate recklessness. *Id.* at 986; *Provenz v. Miller* 102 F.3d 1478 (9th Cir.1996). However, the implication of deliberate recklessness still must be a strong one. In assessing whether the facts pleaded strongly imply deliberate recklessness, relevant factors include "(1) the amount and percentage of shares sold by insiders; (2) the timing of the sales; and (3) whether the sales were consistent with the insider's prior trading history."

Here, timing is dispositive and militates against finding a strong implication of the required scienter. Each of the individual defendants whose stock trading activity is graphically represented in the current pleading are alleged to have traded during the Ferrari class period. On the graphs provided for each such individual, time progresses along the x-axis, while the y-axis apparently represents both dollars per share (with reference to the line graph aspect of each figure) and proceeds received by an individual defendant on particular placements (with respect to bar graph aspect of each figure). Although precise timing cannot be determined from the pleading based upon these graphics, certain observations can be made.

First, of the individuals whose trading has been charted only one, defendant Lori Holland, sold stock in the approximately four and one-half months preceding Read–Rite's negative disclosures on January 22, 1996. Trading activities of the *other* individual defendants, occurring many months prior to the announcement which triggered the stock price correction upon which this action pivots, do not amount to a strong implication of the requisite scienter. This

---

1. As counsel are aware, the Court has deferred ruling on the instant motions pending the finality of *Silicon Graphics*. The Court appreciates the patience of counsel and the parties in awaiting this Court's ruling.

is particularly true because the graphs reveal that the trades occurred during a period rapidly increasing share prices which may be expected to induce heavy trading activity as traders speculate when share prices will peak.

Lori Holland's alleged trading activities differ from those of the other individual defendants in that she sold stock in November of 1995. However, the current pleading also reveals that Holland resigned from Read–Rite on November 2, 1995, which appears roughly to coincide with her stock sales. The resignation of a high level executive, by itself, surely cannot be taken to strongly imply the requisite scienter and, likewise, the sale of stock in conjunction with the departure of a high level executive also is insufficient to show scienter.

In sum, the Court concludes that Ferrari Plaintiffs have not, and cannot, adequately plead scienter under the Reform Act, as interpreted in this Circuit.

### III. Sufficiency of the Nevius Allegations

The only defendants named in the Nevius portion of the suit are Read–Rite and two individuals. The individuals are Read–Rite's Chairman and Chief Executive Officer Cyril Yansouni and its President, Chief Operating Officer and director Fred Schwettmann. Nevius Plaintiffs identify and allege falsity (or misleading character) of several representations made on April 17 and 18, 1996. However, the Nevius Plaintiffs, like the Ferrari Plaintiffs, fail adequately to allege scienter.

The only support for an inference of scienter comes from generic allegations concerning what Yansouni and Schwettmann *would* know by virtue of their positions. In other words, Nevius Plaintiffs identify certain representations and ask the Court to infer that Yansouni and Schwettmann (and Read–Rite) must have been aware of their falsity. Such an inference is not strongly supported.

On April 17, 1996, Yansouni allegedly stated in a press release that "[w]e enter the third quarter of fiscal 1996 having achieved design–ins for a number of new products using our advanced inductive Tripad heads". However, rather than stating "with particularity all facts 'on which their belief is based,'" (*In re Silicon Graphics* 183 F.3d at 983 *quoting* 15 U.S.C. § 78u–4(b)), Nevius Plaintiffs allege only that the representation is false because "the Company had not achieved design–ins for a 'number' of new products." The intended implication here appears to be that if Read–Rite *had* achieved any quantity of "design–ins", these "design–ins" were not accurately quantified by the word "number." This conclusion is not strongly implied by the other allegations of the complaint and, even if it were, this would only amount to a conclusion that the April 17, 1996 representation was false. In this case, falsity of the statement by itself does not strongly imply the speaker's knowledge of falsity.

On April 18, 1996, Yansouni and/or Schwettmann allegedly stated during a conference call that Read–Rite had transitioned to Tripad II and had completed the development of Tripad III. There are allegations which would support the conclusion that any such representation made on April 18, 1996 would have been false. However, the amended complaint contains no factually particular allegations which strongly imply Defendants' contemporaneous knowledge that the statements were false when made.

Nevius Plaintiffs also discuss alleged misrepresentations made on March 2 and March 13, 1996. On March 2, Yansouni allegedly stated that Read–Rite products were then "being designed into some Conner products," a statement which allegedly was misleading because Read–Rite's most advanced products were not then being designed into Conner products. Assuming *arguendo* that the amended complaint adequately discloses facts underlying the conclusion that Read–Rite's advanced products were not being designed in, and assuming further that such a statement would be misleading without qualifiers,

scienter still is not adequately pleaded. One *reasonably* could infer that persons with Yansouni's and Schwettmann's respective job titles would be aware of major developments concerning a key customer's refusal to implement a major product line. However, under current law, the mere existence of a reasonable inference does not satisfy the Reform Act's requirement of a strong implication. *In re Silicon Graphics,* 183 F.3d at 985.

The allegations concerning the March 13 representations suffer from the same deficiency as do the allegations concerning the March 2 representations. Additionally, it is more difficult to characterize the March 13 comments as being false or misleading statements upon which investors may have relied as a measure of Read–Rite's good fiscal health. Essentially, comments attributed to "the Company," apparently designed to *dampen* market expectations, allegedly were misleading because they attempted to justify Read–Rite's ongoing poor performance by referring to costs and liabilities which had not yet been realized. These allegations fail to meet the *Silicon Graphics* standard for pleading scienter whether or not this theory of misrepresentation is otherwise viable.

The Nevius portion of this action differs from the Ferrari allegations in one important respect. The Court concludes that amendment may be possible, based upon the representations of counsel concerning the availability of facts which would bear on scienter, and based upon the generally sound "feel" of the pleading, notwithstanding its current failure to meet the heightened standards of the Reform Act.

## IV. Order

(1) With respect to Ferrari Plaintiffs, Defendants' motion to dismiss is granted without leave to amend.

(2) With respect to Nevius Plaintiffs, Defendants' motion to dismiss is granted with leave to amend. Nevius Plaintiffs may file an amended pleading within 30 days of the date this Order is filed.